IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

                    Plaintiff,

          v.                              CASE NO. 21-3142-SAC

ADVANCE CORRECTIONAL HEALTHCARE, et al.,

                    Defendants.

MEMORANDUM AND ORDER

     This matter is a civil rights action filed under 42 U.S.C. § 1983
by a person confined at the Cherokee County Jail (CCJ). Plaintiff
proceeds pro se and seeks leave to proceed in forma pauperis.

     Plaintiff is subject to the 3-strikes provision of the federal
in forma pauperis statute, which provides:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is in imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

     The qualifying dismissals are: (1) Case No. 18-3035, *Waterman
v. Westhoff*, dismissed for failure to state a claim for relief; (2)
Case No. 18-3295, *Waterman v. Tippie*, dismissed on defendants' motion
for dismissal for failure to state a claim for relief; and (3) Case
No. 18-3092, *Waterman v. Cherokee County Jail*, Doc. 273, Order of Tenth
Circuit Court of Appeals, denying petition for writ of mandamus as

frivolous and assessing a strike.

In the present case, plaintiff seeks damages and injunctive relief, alleging that he was provided inadequate medical care following his transfer back to the CCJ from another institution on June 3, 2021. The complaint reflects that he was not provided an inhaler or a prescribed medication for blood pressure regulation immediately upon his return. However, staff monitored his blood pressure and provided his medication on the following morning. Plaintiff was advised he would receive an inhaler when he saw the nurse on June 8.

The court has considered these claims and concludes plaintiff has not shown that he presently is in imminent danger of serious injury. Instead, his allegations suggest a short delay in access to his medication and inhaler.   Accordingly, the court will deny plaintiff's motion for leave to proceed in forma pauperis and will direct him to submit the $402.00 filing fee.

Plaintiff also filed a motion for a preliminary injunction in which he seeks a transfer to another facility and access to outside medical care. A preliminary injunction may be granted when the moving party shows (1) a substantial likelihood of success on the merits; (2) irreparable harm will occur if the injunction is denied; (3) the threatened harm outweighs the harm that the preliminary injunction may cause the opposing party; an (4) the injunction, if granted, would not adversely affect the public interest. *Gen. Motors Corp. v. Urban Gorilla, L.L.C.*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citation

omitted).

A preliminary injunction is an "'extraordinary remedy' that is granted only when 'the movant's right to relief [is] clear and unequivocal." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1145 (10th Cir. 2017)(alteration in original)(quoting *Wilderness Workshop v. U.S. Bureau of Land Management*, 531 F.3d 1220, 1224 (10th Cir. 2008)). The moving party also must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976). A delay in medical treatment violates the Constitution where the plaintiff can show that the delay resulted in substantial harm. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). Because plaintiff does not meet this standard, his request for preliminary injunctive relief must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied. Plaintiff is granted to and including **July 14, 2021,** to submit the $402.00 filing fee to the clerk of the court. The failure to submit the fee as directed may result in the dismissal of this matter without additional notice.

IT IS FURTHER ORDERED plaintiff's motion for a preliminary injunction (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED:  This 14th day of June, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW

U.S. Senior District Judge